UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CORDERO L. REID,** | ) |
| **Plaintiff,** | ) |
| v. | ) Case No.  2:15-cv-01342-RDP-TMP |
| **ANGELA MIREE, et al.,** | ) |
| **Defendants.** | ) |

### MEMORANDUM OPINION

The Magistrate Judge filed a Report and Recommendation on November 18, 2015, recommending that this action be dismissed without prejudice for failing to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A(b).  (Doc. 6).  Plaintiff has filed objections to the Report and Recommendation.  (Doc. 9).  Having considered those objections, the court finds as follows:

Plaintiff objects to the Report and Recommendation because he believes he is being held unconstitutionally in disciplinary segregation.  (Doc. 9 at 1-2).  According to Plaintiff, he was placed in segregation due to an alleged assault on a prison official, although he was found not guilty at the hearing.  (*Id*.).  Plaintiff believes this placement was in retaliation for this alleged misconduct, and therefore in violation of his Eighth Amendment rights.  (*Id*., at 2).  To state a retaliation claim, a plaintiff must allege that (1) he engaged in constitutionally protected conduct, (2) the defendant's retaliatory action adversely affected the protected conduct, and (3) there is a causal connection between the protected conduct and the prison official's actions.  *Smith v. Sec'y, Florida Dep't of Corr*., 358 Fed. App'x 60, 62 (11th Cir. 2009); citing *Smith v. Mosley*, 532 F.3d 1270, 1276 (11th Cir. 2008); *Farrow v. West*, 320 F.3d 1235, 1248–49 (11th Cir. 2003).  While Plaintiff asserts he is in segregation due to retaliation for alleged misconduct, the

pleadings filed to date reflect neither protected conduct, nor any causal connection between protected conduct and Plaintiff's placement in segregation.

Plaintiff asserts that after the hearing at which he was found not guilty, he was "placed in disciplinary segregation, a retaliatory act. While in segregation with no write up. The plaintiff suffers great duress by not receiving mail due to a retaliatory act, without any notification." (Doc. 9 at 2). As noted in the Report and Recommendation, Plaintiff has no constitutional right to not be placed in segregation. *See e.g., Anderson v. Chapman*, 604 Fed.App'x 810, 813 (11th Cir. 2015) (confinement to segregation does not violate due process because segregation is "ordinarily contemplated by a prison sentence."). Prison officials are "accorded latitude in the administration of prison affairs." *Cruz v. Beto*, 405 U.S. 319, 321 (1972). This latitude includes "the withdrawal or limitation of many [inmate] privileges and rights." *Pell v. Procunier*, 417 U.S. 817, 822 (1974) (quotation marks and citation omitted). Moreover, confinement in punitive segregation only violates a protected liberty interest when the placement either affects the duration of the overall sentence, or imposes atypical and significant hardship on the inmate in relation to ordinary prison life. *Sandin v. Conner*, 515 U.S. 472, 484-486 (1995). The Court stated:

> We hold that [the prisoner's] discipline in segregated confinement did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest. The record shows that, at the time of [the prisoner's] punishment, disciplinary segregation, with insignificant exceptions, mirrored those conditions imposed upon inmates in administrative segregation and protective custody.

*Id*., 515 U.S. at 486. Similarly, Plaintiff here has failed to demonstrate either prong of *Sandin*.

Plaintiff also asserts that "[b]ased on the new ruling from the U.S. District Court California in *Ashker v. Governor of California*, the defendant must show why the plaintiff remains in segregation . . . ." (Doc. 9 at 2). In *Ashker v. Brown*, 2013 WL 1435148 (N.D. Cal.

2

2013), the district court held, given that some of the plaintiffs in that case had lived in solitary confinement for more than two decades and all had been in solitary confinement for at least 11 years, the plaintiffs alleged a sufficiently serious deprivation of liberty such that the defendant's motion to dismiss was properly denied.  That decision is inapposite.[1]

As to Plaintiff's objection based on not receiving mail, the Magistrate Judge carefully considered this allegation in the Report and Recommendation.  (Doc. 6 at 7-9).  As noted, Plaintiff alleged only one instance where he did not receive a letter from his sister.  (*Id.*, at 9).  Such an isolated incident is insufficient to implicate the First Amendment.  *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir.  2003) (requiring that an inmate show prison officials "regularly and unjustifiably interfered with the incoming legal mail.").  Plaintiff's reliance on *Procunier v. Martinez*, 416 U.S. 396 (1974), is misplaced.  In *Thornburgh v. Abbott*, 490 U.S. 401 (1989), the Supreme Court explicitly stated that *Procunier's* statement concerning a First Amendment right of a prisoner to send outgoing mail did not extend to the rights of a prisoner to receive incoming mail.  *Thornburgh*, 490 U.S. at 413-414.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the Report and Recommendation, and the objections thereto, the Magistrate Judge's report is hereby **ADOPTED** and the recommendation is **ACCEPTED**.  Therefore, in accordance with 28 U.S.C. § 1915A(b), this action is due to be dismissed without prejudice for failing to state a claim upon which relief can be granted.

A Final Judgment will be entered.

---

[1] In addition to lacking any relationship to the facts here, the ruling by a district court in California is not binding on this court.

**DONE** and **ORDERED** this December 29, 2015.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE